**SMITH CORRELL, LLP**
MARK SMITH – California SBN 213829
msmith@correllsmith.com
11766 Wilshire Blvd., Suite 1670
Los Angeles, CA 90025
Tel: (213) 443-6222
Fax: (877) 730-5910

Attorneys for Plaintiff
REFLEX MEDIA, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY CHAN; PYLON MEDIA GROUP, INC.; APIRILIACO LIMITED d/b/a HoneyDaddy.com; EAST FENERIDOU; E.C.A. KARTOIR SECRETARIAL LTD.; and Does 1-10, inclusive,<br><br>Defendants. | Case No. 8:16-cv-795<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; DILUTION OF FAMOUS MARKS; AND NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Reflex Media, Inc. ("Reflex Media" or "Plaintiff"), and hereby brings this Complaint against Defendants Gregory "Greg" Chan ("Chan"); Pylon Media Group, Inc. ("Pylon Media"); Apiriliaco Limited d/b/a HoneyDaddy.com ("HoneyDaddy"); Ανατολη Φενεριδου ("Ανατολη"),[1] E.C.A. Kartoir Secretarial Ltd. ("Kartoir Secretarial," and together with HoneyDaddy and Ανατολη (the "Offshore Parties")); and Does 1–10, inclusive, (collectively, "Defendants"), and alleges as follows:

////

////

////

---

[1] Defendant's name has been translated and added to the caption as "East Feneridou" for filing purposes.

# INTRODUCTION

1. Defendants are engaged in an illegal scheme designed to defraud consumers through false advertisements using Plaintiff Reflex Media's protected trademarks. As further explained below, Defendants' conduct is causing actual harm to both the recipients of Defendants' false advertisements and to Reflex Media, whose name, brand and goodwill is suffering irreparable harm by being wrongfully associated with Defendants' illegal operations.

2. Reflex Media operates[2] <SeekingArrangement.com> (sometimes referred to herein as "Seeking Arrangement"), an online dating website that is globally recognized in the online "sugar daddy" dating industry.[3]

3. Seeking Arrangement's brand is the result of substantial investment, innovative sales and marketing techniques, and ethical business practices that distinguish it from its competitors.

4. Reflex Media has been diligent in cultivating a reputable brand in the look and feel of <SeekingArrangement.com> and its associated trademarks; a brand that is associated in the minds of the consumers with a high-quality service provider in this niche market.

5. Defendants own and/or operate two websites offering competing sugar daddy dating services: <HoneyDaddy.com> and <PartyWithSugar.com> (collectively referred to herein as "Defendants' Infringing Websites").

6. Without Reflex Media's consent, Defendants are deliberately using Reflex

---

[2] Reflex Media operates Seeking Arrangement under a sub-licensing and operating agreement. Under this arrangement, Reflex Media has been assigned the right to sue on behalf of the owners of the intellectual property.

[3] "Sugar daddy" dating refers to a unique business model that differentiates its users as either a "sugar daddy" or "sugar momma" who are persons willing to pamper others (a "Benefactor"), on the one hand, and a "sugar baby," who seeks the companionship of a Benefactor (a "Member"), on the other hand.

Media's[4] federally registered mark—SEEKING ARRANGEMENT—in the distribution of advertisements intended to sell directly competing dating services to U.S. residents, including customers of Seeking Arrangement. These advertisements are referred to herein as "Defendants' Illegal Ads." An exemplar of Defendants' Illegal Ads is attached hereto as Exhibit 1 and incorporated by reference in its entirety.

7. Defendants' Illegal Ads falsely and misleadingly identify Seeking Arrangement as the originator of an email containing a solicitation for the recipient to visit and subscribe to the services available on Defendants' Infringing Websites. Defendants accomplished this by using the display name[5] "Seeking Arrangement" in the emails sent as part of Defendants' Illegal Ads.

8. Defendants' fraudulent actions have caused confusion and mistake, leading the unsuspecting recipient consumers to believe that they in fact have been contacted by Seeking Arrangement and that an affiliation, connection, or association exists between Seeking Arrangement and Defendants and/or Defendants' Infringing Websites.

9. Reflex Media never authorized Defendants' to use its trademark, and would never have done so to assist Defendants' Infringing Websites, which give no indication of promoting ethical business practices, or providing high-quality, legitimate dating services.

10. To bring an end to this deceptive and illegal campaign, to protect its own business and clients, as well as the other recipients of Defendants' Illegal Ads, Reflex

---

[4] Reflex Media is not the owner of the SEEKING ARRANGEMENT mark; rather, it is the entity within its corporate structure responsible for defending the marks at issue in this case. To simply matters, Reflex Media is sometimes referred to in this Complaint as the owner of the SEEKING ARRANGEMENT trademark.

[5] A "display name" is the name that is displayed as the sender of an email by an email recipient's email client. Here, on one email, for example, the display name was "Seeking Arrangement" but the return email address was <noreply@partywithsugar.com>. A display name is chosen by the sender using their email client and can be any name, including one that deliberately misleads recipients who are not sufficiently technologically savvy to understand the difference between a display name and the actual identity of the sender. See Exhibit 1 attached hereto.

1 Media has been forced to bring this action.

## PARTIES

3  11.  Plaintiff Reflex Media is, and at all material times hereto was, a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada. Among other things, Reflex Media operates several online dating websites.[6]

12.  Upon information and belief, Defendant Gregory "Greg" Chan is a resident of the State of California.

13.  Upon information and belief, after purchasing the <www.HoneyDaddy.com> URL[7] on or about February 26, 2016, Chan owns, maintains and/or operates the Infringing Websites. Upon information and belief, Chan is also the owner of Defendant Pylon Media Group.

14.  Upon information and belief, Defendant Pylon Media Group, Inc. ("Pylon Media"), is a California corporation with its principal place of business in Irvine, California.

15.  Upon information and belief, Defendant Pylon Media owns, maintains and/or operates the Infringing Websites.

16.  Upon information and belief, Defendant Apiriliaco (sometimes referred to herein as "HoneyDaddy") is a company organized in Nicosia, Cyprus, with its principal place of business at Souliou, Vamiko 5, Flat 14, 2018 Strovolos, Nicosia, Cyprus.

17.  Upon information and belief, Defendant HoneyDaddy owns, maintains, and/or operates the infringing website, <www.HoneyDaddy.com>.

18.  Upon information and belief, Defendant Ανατολη is an individual that resides in or around Nicosia, Cyprus.

---

[6] Reflex Media operates the following websites: <SeekingArrangement.com>, <SeekingMillionaire.com>, <MissTravel.com>, <WhatsYourPrice.com>, <OpenMinded.com>, <PairMeUp.com>, and <PerfectArrangement.com>.

[7] URL is an acronym for Uniform Resource Locator, a device used to identify web addressed on the World Wide Web.

19. Upon information and belief, Defendant Ανατολη is the registered director, and an agent, owner and/or employee of Apiriliaco, the owner and/or operator of the infringing website, <www.HoneyDaddy.com>.

20. Upon information and belief, Defendant Kartoir Secretarial is a company based in Nicosia, Cyprus, with its principal place of business in Nicosia, Cyprus.

21. Upon information and belief, Defendant Kartoir Secretarial is the registered secretary, and an agent, owner and/or employee of Apiriliaco, the owner and/or operator of the infringing website, <www.HoneyDaddy.com>.

22. Upon information and belief, Doe No. 1 d/b/a PartyWithSugar.com is a company based in Nicosia, Cyprus.

23. Upon information and belief, Doe No. 1 owns, maintains, and/or operates the infringing website <www.PartyWithSugar.com>.

24. Reflex Media does not presently know the true names and capacities of the defendants named herein as Does 1 through 10, inclusive. Reflex Media will seek leave to amend this Complaint to allege these defendants' true names and capacities as soon as they are ascertained. Reflex Media is informed and believes, and on that basis alleges, that each of the fictitiously named defendants, Does 1 through 10, participated in, and in some manner are responsible for, the acts alleged in this Complaint and the damages resulting therefrom.

25. Reflex Media is informed and believes that at all times referenced herein, each Defendant was or is the agent, employee, partner, co-venturer, joint venture, successor-in-interest, alter ego, and/or co-conspirator of each and all of the other Defendants, and was acting within the course and scope of said agency, employment, partnership, co-venture, joint venture, relationship and/or conspiracy. Reflex Media is informed and believes, and on that basis alleges, that each Defendant acted in concert with, and with the consent of, each of the other Defendants, and that each Defendant ratified or agreed to accept the benefits of the conduct of each of the other Defendants. Reflex Media is further informed and believes, and on that basis alleges, that each

Defendant actively and knowingly participated in the furtherance of the wrongful acts alleged herein, directed the wrongful acts alleged herein, benefitted from the wrongful acts alleged herein, and/or used the entity-defendants in a willful and intentional manner to carry out the wrongful acts alleged herein.

## JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, where Reflex Media's claims arise under the Lanham Trademark Act, 15 U.S.C. § 1051, *et seq.*, and further present a claim of unfair competition joined with a substantial and related claim under the trademark laws.

27. This Court has supplemental jurisdiction over Reflex Media's state law claims pursuant to 28 U.S.C. § 1367, where said claims are integrally interrelated with the federal questions and arise from a common nucleus of operative facts such that supplemental review furthers the interest of judicial economy.

28. In addition, this Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties, namely, the Offshore Parties.

29. Personal jurisdiction exists over Defendants Chan, Pylon Media, and HoneyDaddy as the owners and/or operators of <HoneyDaddy.com>; the website through which Defendants engage in interactive and commercial conduct, which, upon information and belief, involves soliciting and/or otherwise actively seeking to transact business with residents of the U.S, including residents of the Central District of California.

30. Information from Who Is records, other registration records, Defendants' communications with Seeking Arrangement's members and Defendants' sites show that Defendant HoneyDaddy is publicly associated with a telephone number containing a 310 area code: a Los Angeles County area code. Moreover, this LA county number is the only

U.S. contact information publicly available for Defendant HoneyDaddy, at present.

31. As such, personal jurisdiction exists over Defendants because they promote their business in, and derive material benefits from, the State of California and this judicial district, or otherwise purposefully avail themselves of the privileges and protections of the laws of the State of California, such that traditional notions of fair play and due process are not offended by this Court's exercise of jurisdiction over them.

32. Personal jurisdiction exists over Defendants Ανατολη and Kartoir Secretarial because, based upon information and belief, they are agents, owners and/or employees of Defendants Chan, Pylon Media, and/or HoneyDaddy, and the acts giving rise to this action arise from the promotion and furtherance of their business—which, as described above, has sufficient ties to this judicial district.

33. As such, this Court may exercise personal jurisdiction over Defendants Ανατολη and Kartoir Secretarial without offending traditional notions of fair play and substantial justice.

34. Personal jurisdiction exists over Defendant Doe 1 d/b/a PartyWithSugar.com because, upon information and belief, it is associated and/or affiliated with HoneyDaddy, which, as described above, has sufficient ties to this judicial district. As such, this Court may exercise personal jurisdiction over Defendant Doe 1 d/b/a PartyWithSugar.com without offending traditional notions of fair play and substantial justice.

35. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) given that Defendants' conduct is believed to be directed at residents of this forum, and given the association between HoneyDaddy and the Los Angeles County telephone number, the only U.S. contact information publicly available for Defendant HoneyDaddy.

## GENERAL ALLEGATIONS

**REFLEX MEDIA HAS OBTAINED FEDERAL REGISTRATION AND INCONTESTABLE LEGAL PROTECTION FOR TRADEMARKS ASSOCIATED WITH SEEKINGARRANGEMENT.COM**

36. Since 2006, Reflex Media and its predecessor in interest, InfoStream Group, Inc. ("InfoStream"), have used the mark, SEEKING ARRANGEMENT, in commerce

and in connection with the online sugar daddy dating services available at <SeekingArrangement.com>.

37. On May 25, 2007, Reflex Media's predecessor, InfoStream, applied for federal registration of the SEEKING ARRANGEMENT trademark. United States Trademark Registration No. 3,377,772 was issued on February 5, 2008. A copy of Registration No. 3,377,772 is attached hereto as Exhibit 2.

38. On February 5, 2013, the SEEKING ARRANGEMENT trademark became incontestable.

39. Reflex Media's SEEKING ARRANGEMENT trademark has acquired secondary meaning and inherent distinctiveness.

40. Reflex Media and its predecessor have invested millions of dollars to promote and establish the look and feel of <SeekingArrangement.com> and its associated trademarks and to promote the trademarks in the market. As a result, the website and its use of the mark SEEKING ARRANGEMENT has become synonymous with Reflex Media's business and the high quality product that <www.SeekingArrangement.com> provides.

**DEFENDANTS' TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

41. Reflex Media has expended substantial time and resources building a high quality product in an industry that has attracted countless unethical, fraudulent service providers, but its efforts have paid off in Reflex Media's acquisition of valuable goodwill in connection with its services, as well as the SEEKING ARRANGEMENT trademark and overall brand.

42. Defendants who own and/or operate the subject competing websites, <HoneyDaddy.com> and <PartyWithSugar.com>, launched years after Reflex Media's well-developed Seeking Arrangement brand.[8]

---

[8] HoneyDaddy first registered its business on November 27, 2014.
<PartyWithSugar.com> provides no information as to its owner(s) and/or operator(s), or any registration details; it serves only as an alternative domain name, inviting users to join <HoneyDaddy.com.>

43. On or about March 31, 2016, Defendants began disseminating Defendants' Illegal Ads. Attached hereto as Exhibit 1 is a copy of one of Defendants' Illegal Ads. The email lists "Seeking Arrangement" both as the display name of the sender of the email and the display name of the "reply to" recipient.

44. Defendants did not have permission to use Reflex Media's SEEKING ARRANGEMENT trademark for this purpose, or any other purpose.

45. Defendants' infringed on the SEEKING ARRANGEMENT trademark by using the mark in connection with the Infringing Websites, without authorization and in a deceptive and confusing manner.

46. Defendants' unlawful use of the SEEKING ARRANGEMENT trademark is likely to deceive or confuse consumers into believing that an affiliation, association, sponsorship or connection exists between Reflex Media's <SeekingArrangement.com> website and Defendants' Infringing Websites.

47. Upon information and belief, Defendants acted with willful intent when they disseminated the Illegal Ads—including the advertisement described above—which fraudulently identified Seeking Arrangement as the display name of the sender and "reply to recipient," with the intention of using the goodwill and notoriety of the trademark, SEEKING ARRANGEMENT, and in a manner likely to cause confusion and deception.

48. Furthermore, Defendants' websites <HoneyDaddy.com> and <PartyWithSugar.com> do not have Seeking Arrangement's notoriety, positive reviews, market leader status, substantial membership, or lengthy history. In fact, Google searches of Defendants Ανατολη and Kartoir Secretarial associate them with scam companies. (http://scamcreditcardabuse.blogspot.com/2015/08/enormous-scam-organization.html.)

49. Thus, any association with Defendants and/or their websites has, and will continue to, result in a dilution of reputation, goodwill, and notoriety of Reflex Media's websites, the SEEKING ARRANGEMENT trademark and related brands.

50. To further perpetuate the false and deceptive affiliation between Reflex Media's website and Defendants' Infringing Websites, Defendants have taken a number

of news articles related to Seeking Arrangement and posted them prominently on the homepage of <HoneyDaddy.com>.

51. Specifically, the first in a line of three quotes at the bottom of the <HoneyDaddy.com> homepage is the following: "There's nothing wrong with entering into a consensual, reciprocal relationship in which 'love' is exchanged for material gain." Following the quote, is a citation to "Bustle."

52. The quote that Defendants' reprinted was extracted from an article titled, "18 Things I Learned About Being a Sugar Baby from Seeking Arrangement's Summit on Dating Rich Older Men."

53. The second referenced article states: "The upfront nature of being able to lay out exactly the type of person and relationship you want, without fear of judgment or stigma from potential partners is empowering." Again, Defendants merely identify the newspaper publisher, Daily Mail.

54. In fact, the person who made that statement when interviewed by the Daily Mail was Angela Jacob Bermudo, who is employed by and a Public Relations Manager for Reflex Media.

55. The final quoted article reads: "With annual university costs where they are how do students these days make ends meet? I'm here to help," citing The Daily Beast.

56. The above-statement came from a post by member of <SeekingArangement.com>.

57. Demonstrating the intent and thoroughness with which Defendants have attempted to improperly copy Seeking Arrangement's business, initial research indicates that Defendants are using many of the same vendors used by Seeking Arrangement to operate its website, including the same service Seeking Arrangement uses to send emails to its customers.

58. These facts demonstrate that Defendants are intentionally attempting to confuse Seeking Arrangement's consumers and illegally gain market share by posing as a Seeking Arrangement affiliate.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement, 15 U.S.C. § 1114(1))

59. Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

60. As alleged herein, Reflex Media has an exclusive license to use protectable trademarks and has been assigned the right to protect those trademarks by, among other things, suing parties infringing on the trademarks.

61. Without Reflex Media's consent, Defendants have used in commerce, in connection with the sale, offering for sale, distribution or advertising of Defendants' goods and services, marks identical to or confusingly similar to Reflex Media's SEEKING ARRANGEMENT mark in a manner that is likely to cause confusion, mistake and/or deception with consumers that Defendants' goods and services are the same as those of Reflex Media, and/or that Defendants' goods and services are somehow associated, affiliated, connected, approved, authorized or sponsored by Reflex Media.

62. Defendants acted with the intent to cause confusion, mistake, or deception with consumers.

63. Defendants' continued use of marks identical or confusingly similar to Reflex Media's mark has caused, and will continue to cause, irreparable harm and injury to Reflex Media and to Reflex Media's reputation and goodwill for which Reflex Media has no adequate remedy at law. The threat of future injury to consumers and to Reflex Media's business, identity, goodwill and reputation necessitates the award of injunctive relief to prevent Defendants' continued infringement of Reflex Media's valuable marks.

64. Defendants have unjustly profited from their infringement of Reflex Media's marks.

65. As a direct and proximate result of Defendants' infringing activities as alleged herein, Reflex Media has suffered substantial damage in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

## SECOND CAUSE OF ACTION

**(Federal False Designations, False Descriptions, and False Advertising, 15 U.S.C. § 1125(a))**

66. Reflex Media incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint, as if fully set forth herein.

67. Defendants' misuse of Reflex Media's marks in commerce in connection with the goods and services offered on Defendants' Infringing Websites—including commercial advertising and promotion of Defendants' Infringing Websites—constitutes a false designation of origin and/or a false or misleading representation that is likely to cause confusion, mistake and/or deception with consumers that Defendants' goods and/or services are associated, affiliated, connected, approved, authorized or sponsored by Reflex Media.

68. Specifically, without Reflex Media's consent, Defendants have disseminated email advertisements—namely, Defendants' Illegal Ads—that contain the SEEKING ARRANGEMENT trademark in the header contents.

69. The email advertisement, which contained content promoting Defendants' competing sugar daddy dating services offered through <HoneyDaddy.com> and <PartyWithSugar.com>, gave the false and misleading impression that Seeking Arrangement was the sender of the email, containing promotional material for its competitors.

70. Furthermore, Defendants' false and deceptive email display name further gave the wrongful impression of an association, affiliation, connection, approval, authorization or sponsorship by, between, and among Seeking Arrangement and <HoneyDaddy.com> and/or <PartyWithSugar.com>.

71. Defendants' conduct constitutes a false designation of origin and/or false or misleading representation that (1) is likely to cause confusion, mistake, or deception with the public and/or consumers as to the affiliation, connection, or association between Defendants' and Seeking Arrangement; (2) is likely to cause confusion, mistake, or

deception with the public and/or consumers as to the original sender of the email, as the origin of the services being provided, and/or (3) is intended to misrepresent the nature, characteristics, and/or qualities of the goods and services offered by Defendants by usurping Seeking Arrangement's respected brand name.

72. Defendants have unjustly profited from their foregoing conduct.

73. As a direct and proximate result of Defendants' foregoing conduct, Reflex Media has suffered damages in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

74. Defendants' foregoing acts constitute an exceptional case and are intentional, entitling Reflex Media to treble their actual damages and to an award of attorneys' fees.

## THIRD CAUSE OF ACTION

### (Dilution of Famous Marks, 15 U.S.C. § 1125(c))

75. Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

76. Reflex Media, through its predecessor InfoStream, was the first to actually use the registered trademark described herein in commerce.

77. The SEEKING ARRANGEMENT trademark is distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), for the following reasons:

    a. The mark is distinctive and represents a provocative phrases that is not merely descriptive;

    b. The mark is used extensively in connection with advertising for Reflex Media's goods and services;

    c. The mark is recognized widely among the general consuming public because of the unsolicited attention given by news media to Reflex Media's business associated with the marks;

    d. Prior to Defendants' infringing conduct, no other party used a mark

similar to Reflex Media's SEEKING ARRANGEMENT mark; and

  e. The SEEKING ARRANGEMENT mark is protected by incontestable federal trademark registration.

78. Defendants have used marks identical or confusingly similar to Reflex Media's SEEKING ARRANGEMENT trademark in commerce in connection with the selling and offering for sale services that compete directly with Reflex Media's business.

79. On information and belief, Defendants' use of this trademark occurred after Reflex Media's trademark became famous and distinctive.

80. Defendants' use of identical or confusingly similar trademarks dilutes the distinctive quality of Reflex Media's SEEKING ARRANGEMENT trademark as it causes and can cause confusion among consumers and potential customers of Seeking Arrangement.

81. Defendants' use of identical or confusingly similar trademarks also tarnishes Reflex Media's marks by harming the reputation of its famous mark, especially where, as here, the owners of Defendants' Infringing Websites are associated with scam companies. (*See* http://scamcreditcardabuse.blogspot.com/2015/08/enormous-scam-organization.html.).

82. Defendants willfully intended to trade on the recognition of Reflex Media's famous marks and willfully intended to harm the reputation of that mark and Reflex Media's brand generally.

83. Defendants' use of marks identical or confusingly similar to Reflex Media's trademark has caused, and will continue to cause, irreparable harm and injury to Reflex Media and its trademarks, reputation and goodwill for which there is no adequate remedy at law. The threat of future injury to Reflex Media's trademarks, business, identity, goodwill and reputation necessitates the award of injunctive relief to prevent Defendants' continued misuse of Reflex Media's mark.

84. Defendants have unjustly profited from their foregoing conduct.

85. As a direct and proximate result of Defendants' conduct, Reflex Media has

been damaged in an amount to be proven at trial, but estimated to exceed $75,000, exclusive of interest and costs.

86. Defendants' foregoing conduct constitutes an exceptional case and is intentional, entitling Reflex Media to treble its actual damages and to an award of attorneys' fees.

## FOURTH CAUSE OF ACTION

### (Unfair Competition, Cal. Bus. & Prof. Code. § 17200 *et seq*.)

87. Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

88. Defendants have falsely represented an affiliation, connection, and/or association between Defendants' infringing website, <HonneyDaddy.com> and <SeekingArrangement.com> through the dissemination of an email promoting their competing sugar daddy dating services, and fraudulently identifying Seeking Arrangement as the sender. (*See* Ex. 1.)

89. Reflex Media requests that that this Court enjoin Defendants from further engaging in consumer fraud by stating or implying that there is any affiliation, connection, or association between/among <HonneyDaddy.com>, <PartyWithSugar.com>, and <SeekingArrangement.com>.

## FIFTH CAUSE OF ACTION

### (Negligent Interference with Prospective Economic Advantage)

90. Reflex Media incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

91. At all times relevant to this action, Reflex Media had a prospective contractual relationship with the customers of its website, <SeekingArrangement.com>, and a reasonable probability in the continuation of those business relations.

92. Defendants intentionally, or with substantial certainty, sought to interfere with the relationship between Reflex Media and its customers through its unauthorized use of the SEEKING ARRANGEMENT trademark with the intent to deceive customers

into believing that Seeking Arrangement and <HoneyDaddy.com> and/or <PartyWithSugar.com> are affiliated, associated or otherwise connected.

93. Defendants' knew or should have been aware that their failure to act with due care would result in the interference with Reflex Media's business relationships.

94. Defendants' acted negligently, at best, by misrepresenting the sender of an email advertisement as Seeking Arrangement, when the contents of same encouraged the email recipients to join competing dating sites.

95. Defendants' above-described conduct has caused actual disruption to the relationship between Reflex Media and its customers.

96. As a direct and proximate result of Defendants foregoing conduct, Reflex Media has suffered damages and losses in an amount to be determined at trial, but estimated to exceed $75,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Reflex Media prays for judgment against Defendants as follows:

1. Adjudge that Reflex Media's SEEKING ARRANGEMENT trademark has been infringed by Defendants in violation of Reflex Media's rights under 15 U.S.C. § 1114;

2. Adjudge that Defendants have competed unfairly with Reflex Media in violation of Reflex Media's rights under 15 U.S.C. § 1125;

3. Adjudge that Defendants' activities are likely to, or have, diluted Reflex Media's famous trademark in violation of Reflex Media's rights under 15 U.S.C. § 1125(c);

4. Adjudge that Defendants have negligently interfered with Reflex Media's prospective economic advantages;

5. Adjudge that Defendants and each of their agents, employees, attorneys, successors, assigns, affiliates, and joint ventures and any person(s) in active concert or participation with them, and/or person(s) acting for, with, by, through or under them, be enjoined and restrained at first during the pendency of this action and thereafter

permanently from:

    a. Selling, offering for sale distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble or are confusingly similar to the SEEKING ARRANGEMENT trademark, or the look and feel of <SeekingArrangement.com>, as to be likely to cause confusion, mistake or deception, on or in connection with any goods or services that are not authorized by or for Reflex Media;

    b. Using the SEEKING ARRANGEMENT trademark, any other marks or domain names confusingly similar to those marks alone or in combination with any other letters, words, letter strings, phases or designs, or the look and feel of <SeekingArrangement.com> in commerce or in connection with any goods or services;

    c. Using any word, term, name, symbol, or device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants' or their goods with Reflex Media or as to the origin of Defendants' goods or services, or any false designation of origin, false or misleading description or representation of fact;

    d. Further infringing on the rights of Reflex Media in and to any of its trademarks, trade dress, products and services or otherwise damaging Reflex Media's goodwill or business reputation;

    e. Using any of Reflex Media's confidential information in connection with any product or service, in any medium, including future contact or business with Seeking Arrangement's members;

    f. Otherwise competing unfairly with Reflex Media in any manner; and

    g. Continuing to perform in any manner whatsoever any of the other acts complained of in the Complaint;

6. Adjudge that Defendants, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon Reflex

Media's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

7. Adjudge that Reflex Media recover from Defendants their actual damages and lost profits in an amount to be determined at trial, but estimated to exceed $75,000, for Defendants' violations of 15 U.S.C. §§ 1114 and 1125; that Defendants be required to account for any profits that are attributable to its illegal acts; and that Reflex Media be awarded the greater of (1) three times Defendants' profits or (2) three times any damages sustained by Reflex Media under 15 U.S.C. § 1117, plus prejudgment interest;

8. Adjudge that Reflex Media recover from Defendants the damages caused by Defendants, as well as punitive and/or treble damages and attorneys' fees;

9. Adjudge that Reflex Media be awarded its costs incurred in connection with this action, including its reasonable attorneys' fees and investigative expenses;

10. Impose a constructive trust on all of Defendants' funds and assets that arise out of Defendants' infringing activities; and

11. Adjudge that all such other relief be awarded to Reflex Media as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Reflex Media hereby requests a jury trial in this matter.

Dated: April 27, 2016            **SMITH CORRELL, LLP.**


By: /s/ Mark L. Smith
       Mark L. Smith
       Attorneys for Plaintiff
       REFLEX MEDIA, INC.