**SMITH CORRELL, LLP**
MARK SMITH – California  SBN 213829
msmith@correllsmith.com
11766 Wilshire Blvd., Suite 1670
Los Angeles, CA 90025
Tel: (213) 443-6222
Fax:  (877) 730-5910

Attorneys for Plaintiff
REFLEX MEDIA, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation, | Case No. 8:16-CV-00795-JFW-JEM |
| Plaintiff, | |
| vs. | **JOINT SCHEDULING REPORT** |
| GREGORY CHAN; PYLON MEDIA GROUP, INC.; APIRILIACO LIMITED d/b/a HoneyDaddy.com; EAST FENERIDOU; E.C.A. KARTOIR SECRETARIAL LTD.; and Does 1-10, inclusive, | Judge: Hon.         John F. Walter |
| | Courtroom:      16 |
| | Date:              August 29, 2016 |
| Defendants. | Time:              8:30 a.m. |

Plaintiff Reflex Media, Inc. ("Reflex Media") and Defendants Gregory Chan and Pylon Media Group, Inc., by and through their respective counsel of record, hereby submit this Joint Scheduling Report pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Local Rule 26-1, and the Order entered by this Court on July 20, 2016 (Dkt. No. 18).

## I.     Jurisdiction, Venue & Parties

This Court's subject matter jurisdiction is based on 28 U.S.C. §§ 1331, 1338, 1367, and 1332(a). Venue under 28 U.S.C. § 1391(b)(2) and personal jurisdiction over Defendants is proper. Defendants Apiriliaco Limited, East Feneridou, and E.C.A. Kartoir

Secretarial Ltd., are residents of the country of Cyprus and were served with a copy of the Summons and Complaint on August 5, 2016, but have not yet made an appearance in this action.

## II.   Factual Background

Plaintiff Reflex Media, Inc. ("Reflex Media"), contends that the defendants named in this action (each a "Defendant" and collectively the "Defendants") have engaged in an illegal schemed designed to defraud consumers through false advertisements using Reflex Media's protected trademarks. Reflex Media operates <SeekingArrangement.com>, an online dating website that is globally recognized in the online "sugar daddy" dating industry. Reflex Media believes that Defendants own and/or operate two websites offering competing sugar daddy dating services: <HoneyDaddy.com> and <PartyWithSugar.com> (collectively, the "Infringing Websites").

Reflex Media alleges that Defendants have used Reflex Media's federally registered mark—SEEKING ARRANGEMENT—in the distribution of advertisements intended to sell directly competing dating services to U.S. residents, including customers of Seeking Arrangement and residents of this judicial district. Among other things, Defendants' ads falsely and misleadingly identify Seeking Arrangement as the originator of an email containing a solicitation for the recipient to visit and subscribe to the services available on Defendants' Infringing Websites. Defendants accomplished this by using the display name "Seeking Arrangement" in the emails sent as part of Defendants' advertising campaign.

Reflex Media never authorized Defendants' to use its trademark, and Defendants' alleged infringement has caused the recipients of Defendants' advertisements to believe that they have been contacted by Seeking Arrangement and that an affiliation, connection, or association exists between Seeking Arrangement and Defendants and/or Defendants' Infringing Websites.

Defendants Gregory Chan and Pylon Media Group, Inc., deny that they were involved in the operation of the allegedly infringing websites, the content appearing on the websites or promotion of those websites.

## III.   Points of Law

The following points of law are disputed: whether Defendants' advertising campaign and associated conduct, as described above, give rise to claims under: (1) 15 U.S.C. § 1114(1) (Federal Trademark Infringement); (2) 15 U.S.C. § 1125(a) (Federal False Designations, False Descriptions, and False Advertising); (3) 15 U.S.C. § 1125(c) (Federal Dilution of Famous Marks); (4) Cal. Bus. & Prof. Code § 17200 *et seq.* (Unfair Competition); and California's common law concerning negligent interference with prospective economic advantage.

## IV.   Prior and Pending Motions

None.

## V.   Amendment of Pleadings

The parties propose that the deadline to amend pleadings be set for November 30, 2016. At this time, Reflex Media has limited information about the person(s) behind the conduct giving rise to this action, including the persons that designed and disseminated the false advertisements that illegally infringed on Reflex Media's SEEKING ARRANGEMENT trademark. Reflex Media will diligently seek to ascertain the identity of any additional parties that should be named as defendants in this action and move to amend its pleadings accordingly.

## VI.   Relief Sought

Reflex Media seeks judgment in its favor on all five causes of action, as set forth in the Complaint. Specifically, Reflex Media prays for judgment against Defendants as follows: (1) adjudge that Reflex Media's SEEKING ARRANGEMENT trademark has been infringed by Defendants in violation of Reflex Media's rights under 15 U.S.C. § 1114; (2) adjudge that Defendants have competed unfairly with Reflex Media in violation

of Reflex Media's rights under 15 U.S.C. § 1125; (3) adjudge that Defendants' activities are likely to, or have, diluted Reflex Media's famous trademark in violation of Reflex Media's rights under 15 U.S.C. § 1125(c); and (4) adjudge that Defendants have negligently interfered with Reflex Media's prospective advantages. Reflex Media also asks that Defendants be temporarily and permanently enjoined from engaging in further infringement of its SEEKING ARRANGMENT trademark and unfairly competing with Reflex Media. Reflex Media seeks compensatory damages in an amount to be proven at trial, including an amount equal to three times Defendants' profits or three times any damages sustained by Reflex Media as allowed by 15 U.S.C. § 1117. Finally, Reflex Media seeks pre- and post-judgment interest, attorney's fees and costs of suit, and that a constructive trust be imposed on all of Defendants' funds and assets that have arisen out of Defendants' infringing activities, and such other relief as this Court may deem just and proper.

## VII.   Initial Disclosures Pursuant to Fed. R. Civ. P. 26

The parties have agreed to exchange initial disclosures on or before August 26, 2016.

## VIII.   Discovery Taken to Date and Proposed Discovery Plan

No discovery has been taken to date. The parties propose the following discovery plan:

A.   *Changes Regarding Disclosures Under Rule 26(a)*. The parties have agreed to exchange the disclosures required by Rule 26(a) on or before August 26, 2016.

B.   *Subjects On Which Discovery May Be Needed and Schedule*. The parties anticipate taking discovery on all matters set forth in the Complaint and any affirmative defenses alleged by the defendants in their responsive pleadings. The parties also anticipate that discovery will be necessary with respect to damages, including discovery on any profits derived from the conduct of

Defendants as set forth in the Complaint. The parties propose the following discovery schedule:

| Fact Discovery Cut-Off | seven months after the submission of this Joint Scheduling Report (March 13, 2017) |
| --- | --- |
| Initial Expert Reports | one month after fact discovery cut-off (April 13, 2017) |
| Close of Expert Depositions | one month after initial expert reports (May 12, 2017) |
| Rebuttal Expert Reports | one month after close of expert depositions (June 13, 2017) |
| Rebuttal Expert Depositions | one month after rebuttal reports (July 13, 2017) |

C. *Electronically Stored Information*. The parties do not anticipate issues arising with regard to electronically stored information, such as the need to produce electronic records in a particular electronic format. To the extent an issue does arise, the parties will meet and confer in good faith to resolve any such issues without judicial intervention.

D. *Claims of Privilege or Protection*. If privileged material is inadvertently produced, the party in receipt of such material shall promptly return it, and the privilege shall not be waived.

E. *Changes That Should be Made In Limitations On Discovery*. None.

F. *Any Other Orders Pursuant to Rule 26(c) or Rule 16(b) or (C)*. Certain documents or information that may be produced in discovery in this proceeding may contain confidential information, possibly including trade secrets.

BN 21434948v1

Accordingly, the parties are negotiating, and expect to stipulate to, a protective order that will be submitted to the Magistrate Judge.

**IX.   Related Cases or Proceedings**

None.

**X.   Interested Parties or Persons**

Plaintiff Reflex Media, Inc., filed the required Certification as to Interested Parties on April 27, 2016. (Dkt. No. 3.) In addition to Reflex Media, Inc., W8Tech.com Limited and Clover8 Investments PTE. LTD., may have a pecuniary interest in the outcome of this case.

Defendants Gregory Chan and Pylon Media Group, Inc., filed the required Certification as to Interested Parties on July 15, 2016. (Dkt. No. 17.) No other parties affiliated with Gregory Chan or Pylon Media Group, Inc., have a pecuniary interest in the outcome of this case.

**XI.   Proposed Dates for Discovery, Motions, Pretrial & Trial**

The parties propose the following schedule for discovery:

| | |
|---|---|
| Completion of Discovery | eleven months from the date of this report (July 13, 2017) |
| Last Day for Hearing on Motions for Summary Judgment | three months after completion of discovery (October 13, 2017) |
| Final Pretrial Conference | three months after last date for hearing of substantive motions (January 12, 2018) |
| Trial Date | one month after final pretrial conference (February 13, 2018) |

BN 21434948v1

## XII.   Jury Demand

Plaintiff Reflex Media, Inc., and Defendants Gregory Chan and Pylon Media Group, Inc., demand a jury trial. These parties agree that one week should be reserved for trial. The parties will meet and confer in advance of trial to narrow the issues of fact and propose procedures to streamline the proceedings.

## XIII.  Settlement Efforts and Future ADR

The parties have started discussing Defendants Gregory Chan and Pylon Media Group, Inc.'s relation to the underlying facts of this case and whether there is some basis upon which they may be removed from this case. While the parties intend to continue these discussions, and remain open to pursuing other settlement discussions, the inability to reach a consensus to date and in the interests of timely resolving this dispute, support moving forward with the litigation schedule.

The parties request that a settlement conference with the Magistrate Judge be held following the close of discovery.

## XIV.  Complexity of the Case

The parties agree that this case is not complex and reference to the *Manual on Complex Litigation* is unnecessary.

## XV.   Dispositive Motions

The parties have not filed any dispositive or partially dispositive motions. After the Defendants located in Cyprus have entered an appearance, and likely following some initial discovery, Reflex Media anticipates that it may file a motion for summary judgment on all or some of its claims, including its claim under 28 U.S.C. § 1114 (Federal Trademark Infringement).  Defendants Chan and Pylon Media anticipate filing a motion for summary judgment on Plaintiff's infringement claims.

## XVI.  Unusual Legal Issues

None.

BN 21434948v1

**XVII. Severance, Bifurcation, or other Ordering of Proof**

None.

**XVIII.   ECF**

Mark L. Smith, lead counsel for Reflex Media, Inc., is a registered ECF user. His email address of record is: msmith@smithcorrell.com.

Likewise, Matthew L. Seror, lead counsel for Gregory Chan and Pylon Media Group, Inc., is a registered ECF user. His email address of record is: mseror@buchalter.com.


DATED: August 12, 2016                    Respectfully submitted by:

                                          **SMITH CORRELL, LLP**
                                          MARK SMITH
                                              msmith@correllsmith.com
                                          11766 Wilshire Blvd., Suite 1670
                                          Los Angeles, CA 90025
                                          Tel:   (213) 443-6222
                                          Fax:   (877) 730-5910

                                          Attorneys for Plaintiff
                                          REFLEX MEDIA, INC.

                                               /s/ Mark L. Smith
                                          _____
                                          Mark L. Smith


                                          **BUCHALTER NEMER**
                                          MATTHEW SEROR
                                              mseror@buchalter.com
                                          1000 Wilshire Boulevard, Suite 1500
                                          Los Angeles, CA 90017
                                          Tel:   (213) 891-5731
                                          Fax:   (213) 630-5798

                                          Attorneys for Defendants
                                          Gregory Chan and Pylon Media Group, Inc.

                                               /s/ Matthew L. Seror
                                          _____
                                          Matthew L. Seror

BN 21434948v1