**SMITH CORRELL, LLP**
MARK SMITH – California SBN 213829
msmith@correllsmith.com
11766 Wilshire Blvd., Suite 1670
Los Angeles, CA 90025
Tel: (213) 443-6222
Fax: (877) 730-5910

Attorneys for Plaintiff
REFLEX MEDIA, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA, CENTRAL DISTRICT

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY CHAN; PYLON MEDIA GROUP, INC.; APIRILIACO LIMITED d/b/a HoneyDaddy.com; EAST FENERIDOU; E.C.A. KARTOIR SECRETARIAL LTD.; and Does 1-10, inclusive,<br><br>Defendants. | Case No. 8:16-cv-795<br><br>**REQUEST FOR ENTRY OF DEFAULT AND MEMORANDUM IN SUPPORT AGAINST DEFENDANTS APIRILIACO LIMITED d/b/a HoneyDaddy.com; EAST FENERIDOU; and E.C.A. KARTOIR SECRETARIAL LTD.** |

TO THE CLERK OF THE ABOVE—ENTITLED COURT:

Plaintiff Reflex Media, Inc. ("Reflex Media" or "Plaintiff") respectfully requests that the Clerk enter defaults against defendants Apiriliaco Limited, East Feneridou, and E.C.A. Kartoir Secretarial LTD because these defendants have failed to appear or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure.

////

////

1

1   These defendants were served with a copy of the Complaint by mail, as evidenced
2   by the Proof of Service filed with this Request for Entry of Default.  Measured from the
3   date of personal service on defendants, the time for these defendants to respond has
4   expired.

Dated: January 23, 2017                    **SMITH CORRELL, LLP**

                                      By:   /s/ Mark L. Smith
                                              Mark L. Smith
                                              Attorneys for Plaintiff
                                              REFLEX MEDIA, INC.

**MEMORANDUM IN SUPPORT**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338.

2. This Court has supplemental jurisdiction over Plaintiff Reflex Media Inc.'s ("Reflex Media") state law claims pursuant to 28 U.S.C. § 1367, where said claims are integrally interrelated with the federal questions and arise from a common nucleus of operative facts such that supplemental review furthers the interest of judicial economy.

3. This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. §§ 1391(2). Further, this Court has personal jurisdiction over the Defendants as they have engaged, and continue to engage, in business activities in and directed to this district, and have committed tortious acts within this district or directed at this district.

4. Apiriliaco Limited, East Feneridou, and E.C.A. Kartoir Secretarial LTD (hereinafter "Defendants") own, maintain and/or operate www.HoneyDaddy.com (hereinafter "<Honeydaddy.com>").

5. Defendants reside in the country of Cyprus.

6. Service on Defendants was made pursuant to the express provisions of the Fed. R. Civ. P. 4(f)(1) and 4(h)(2). Rule 4 provides that an individual "may be served at a place not within any judicial district of the United States by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . ." Fed. R. Civ. P. 4(f)(1). A corporation may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual . . . ." *Id.* at 4(h)(2). Use of the [Hague Service] Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service." Fed. R. Civ. P. 4 advisory committee's note to 1993 Amendments.

7. The United States and Cyprus are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters

(hereinafter "Hague Convention"). [1] *See Fraserside IP L.L.C. v. Youngek Solutions Ltd.*, 796 F.Supp 2d 946, 954 (N.D. Iowa 2011).

8. Article 1 of the Hague Convention provides that it applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention art. 1, T.I.A.S. No. 6638, 20 U.S.T. 361, 1969 WL 97765.

9. Articles 2 through 7 of the Hague Convention govern the primary means of effectuating service, which is through the Central Authority of the foreign state in which the party to be served is located. *See id.* at Art. 2–7. Pursuant to Article 5, the Central Authority of the foreign state shall serve/arrange service of the documents by either (1) a method allowed for under the state's internal law; or (2) by a method requested by the applicant, so long as it is compatible with the state's internal law. *See id.* at Art. 5.

10. Article 10(a) also allows for service by postal channels if the member state has not opted out of this provision within the treaty. *See id.* at Art. 10. Here, the member state of Cyprus has not opted out of, or objected to, Article 10. *See Fraserside*, 796 F.Supp 2d at 954; *see also Cyprus*, https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/cyprus.html (last visited January 11, 2017) (website maintained by United States Department of State).

11. FedEx or similar commercial channels have been allowed as postal channels in compliance with the Hague Convention Article 10(a). *See TracFone Wireless, Inc. v. Sunstrike Intern., Ltd.,* 273 F.R.D. 697, 699 (S.D. Fla. 2011) ("The Court thus finds that serving Hong Kong Defendants with a copy of the Summons and Amended Complaint sent via international express mail and via FedEx . . . is permissible pursuant to Rule 4(f)(2)(C)(ii).); *R. Griggs Grp. Ltd. v. Filanto Spa,* 920 F.Supp 1100, 1106–08 (D. Nev. 1996) (finding that service via Federal Express was proper on the Italian Defendants because it complied with the Hague Convention); *Wong v. Partygaming Ltd.,* No. 1:06–

---

[1] A copy of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters is attached as Exhibit 1.

CV–2376, 2008 WL 1995369, at *3 (N.D. Ohio May 6, 2008) ([P]laintiffs sent a copy of the complaint to each defendant via DHL, a proper method of service under the Hague Service Convention, and provided the court with proof of service."); *TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 631 (S.D. Fla. 2012) ("The Court observes that numerous courts have recognized that FedEx (or other commercial mail couriers) are permissible 'postal channels' through which to complete service consistent with Article 10(a) of the Hague Service Convention.").

12. Defendants were served when Reflex Media sent the Complaint via FedEx, in compliance with the Hague Convention, on July 21, 2016. Defendants took possession of the Compliant on August 5, 2016. A copy of the proof of service for Defendants is attached as Exhibit 2.

13. Because Reflex Media, Inc. has complied with the Hague Convention in service of the Complaint and Defendants have failed to file a response to the Complaint in the time allowed under the Federal Rules of Civil Procedure, an entry of default against Defendants is proper.

Dated: January 23, 2017  **SMITH CORRELL, LLP**

By: /s/ Mark L. Smith
Mark L. Smith
Attorneys for Plaintiff
REFLEX MEDIA, INC.

# DECLARATION OF MARK L. SMITH

I, Mark L. Smith, declare and state:

1. I am an attorney admitted to practice before this Court. I have personal knowledge of the following facts and could competently testify to these facts if called upon to do so.

2. I am the attorney for Plaintiff Reflex Media, Inc., in this action. This Declaration is submitted in support of Reflex Media's request that the Clerk enter the defaults of defendants Apiriliaco Limited, East Feneridou, and E.C.A. Kartoir Secretarial LTD (collectively, "Defendants").

3. This action was filed on April 27, 2016. Reflex Media, as the exclusive, worldwide licensee of the trademark SEEKING ARRANGEMENT, alleges, among other things, that Defendants have deliberately and without authorization used its trademark, and made false and misleading statements in advertising Defendants' services. Reflex Media asserts claims for trademark infringement, false advertising, dilution of a famous mark, unfair competition, and interference with prospective economic advantage.

4. After filing this action, I arranged for personal service via FedEx of a copy of the Summons and Compliant upon Defendants in the country of Cyprus pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention").

5. By September 9, 2016, defendants had not filed a response to the Complaint or reached out to me. On September 9, 2016, my office sent a letter to Defendants via FedEx stating that the time to respond had expired and asking that the Defendants contact my office if they were intending to respond to the Complaint by September 16, 2016. The letter also stated that if we did not hear from the Defendants we would file a request for entry of Defendants' default with the Court. The letter is attached as Exhibit 3.

6. My office sent the letter to the original address we had for the Defendants in Cyprus. We also sent a copy of the letter to a new address in Las Vegas, Nevada, that appeared on the <HoneyDaddy.com> website. (The Las Vegas address was removed from

the website after our letter was delivered. Screenshots of the website were taken to preserve the information. A screenshot of the <HoneyDaddy.com> website with the Las Vegas address was captured on September 7, 2016, and is attached as Exhibit 4. A screenshot captured on September 21, 2016, that has the Vegas address removed is attached as Exhibit 5.)

7. Both letters were signed for and FedEx records show that they were delivered. *See* Exhibit 6 and 7.

8. Defendants did not respond to the Complaint and I received no response to my September 9, 2016 letter.

9. In the meantime, Defendants are still operating <HoneyDaddy.com>.

10. The Court's docket does not reflect Defendants' filing of a response to the Complaint.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 20, 2017 in Los Angeles, California.

Dated: January 23, 2017

                                                  By:   /s/ Mark L. Smith
                                                        Mark L. Smith, Esq.