**SMITH CORRELL, LLP**
MARK SMITH—California SBN 213829
msmith@smithcorrell.com
11766 Wilshire Blvd., Suite 1670
Los Angeles, CA 90025
Tel: (213) 443-6222
Fax: (877) 730-5910

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY CHAN, *et al.,*<br><br>Defendant. | Case No. 8:16-cv-795-JFW-JEM<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR INDICATIVE RULING**<br><br>FILED CONCURRENTLY HEREWITH: DECLARATION OF MARK L. SMITH<br><br>Date: September 11, 2017<br>Time: 1:30 p.m.<br>Ctrm. 16 |

Plaintiff Reflex Media, Inc. ("Reflex Media"), by and through its counsel of record, hereby respectfully submits the following Memorandum of Points and Authorities in opposition to Defendants Apiriliaco Limited, East Feneridou, and E.C.A. Kartoir Secretarial Ltd. (collectively, "Defendants") Motion for Indicative Ruling (Dkt. 50).

Reflex Media's opposition is based upon the following Memorandum of Points and Authorities, the papers and pleadings on file with the Court, and any oral argument the Court may entertain concerning this mater.

////

////

////

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. PROCEDURAL AND FACTUAL BACKGROUND .................................... 3

III. ARGUMENT .................................................................................................. 4

  A. Defendants' Motion Should Be Denied Because No "Timely Motion" Is Before The Court. ................................................................................................ 4

  B. Defendants' Motion Should Be Denied Because the Judgment Entered Against Them is Not Void. ..................................................................................... 6

    (1) Service Was Properly Made on Defendants Pursuant to the Hague Convention. 7

    (2) The Evidence in This Case Demonstrates that Defendants Received Actual Notice of this Case. ............................................................................ 10

  C. The Court Should Deny Defendants' Motion Because It Fails to Comply with this Court's Standing Order and Local Rule 6-1. ...................................... 10

IV. CONCLUSION ............................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

Fraserside IP L.L.C. v. Youngek Solutions Ltd.,
   796 F. Supp. 2d 946 (N.D. Iowa 2011) ................................................................ 7, 8
R. Griggs Grp. Ltd. v. Filanto Spa,
   920 F. Supp. 110 (D. Nev. 1996) .............................................................................. 8
TraceFone Wireless, Inc. v. Unlimited PCS Inc.,
   279 F.R.D. 626 (S.D. Fla. 2012) ............................................................................... 8
TracFone Wireless, Inc. v. Sunstrike Intern., Ltd.,
   273 F.R.D. 697 (S.D. Fla. 2011) ............................................................................... 8
Wong v. Partygaming Ltd.,
   No. 1:06-CV-2376, 2008 WL 1995369 (N.D. Ohio May 6, 2008) ........................... 8

**Rules**

Central District Local Rule 6-1 ........................................................................ ii, 2, 10, 11
Fed. R. App. P. 12.1 ............................................................................................... 5, 6
Fed. R. Civ. P. 4 .................................................................................................. 2, 7, 8
Fed. R. Civ. P. 60 ............................................................................................... passim
Fed. R. Civ. P. 62.1 ............................................................................................. 4, 5, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Reflex Media respectfully requests that the Court deny Defendants' Motion for Indicative Ruling or, alternatively, indicate that it will deny Defendants' anticipated Rule 60(b) motion.

This was a trademark infringement case that Reflex Media filed on April 27, 2016, after it discovered that Defendants were infringing on its trademark and misappropriating its identity. More specifically, Defendants operate a competing business/website available at www.HoneyDaddy.com and sent certain email solicitations inviting the recipients to visit Defendants' website. Those emails purported to be from "Seeking Arrangement," which is both the name of Reflex Media's website, www.SeekingArrangement.com and is the same as its federally-registered trademark, SEEKING ARRANGEMENT. (*See* Dkt. 1, ¶6.)

As explained below, the Court should deny Defendants' Motion for Indicative Ruling for three reasons, each of which alone provides good reason for denying Defendants' motion. First, Defendants' motion is not timely. Rule 60(b) requires that a party move for relief from a judgment within a "reasonable time," and in this case, Defendants first attempted to seek relief under Rule 60(b) when they filed a Motion to Vacate Judgment on April 4, 2017. (*See* Dkt. 41.) That motion was stricken by the Court because Defendants failed to comply with Local Rule 7-3 and this Court's Standing Order. (*See* Dkt. 42.) In addition, the Court instructed Defendants that, if they wanted to refile their motion, they needed to meet and confer with Reflex Media, in person, by April 19, 2017, and submit a declaration within three (3) days of that meeting describing the parties' meeting and the issues resolved or left unresolved. (*Id.*) Defendants failed to comply with this instruction from the Court. Indeed, more than 120 days elapsed between the date of the Court's April 12, 2017, Order and the filing of Defendants' Motion for Indicative

Ruling. Having failed to comply with the Court's instructions and timeline, Defendants' anticipated Rule 60(b) motion is untimely.

Second, Defendants are not entitled to relief under Rule 60(b). Defendants argue that the Judgment entered by this Court on March 14, 2017, is void—and thus subject to contest under Rule 60(b)(4) —because they *allegedly* did not receive actual service of the Complaint. This argument, however, is unavailing because Rule 4 of the Federal Rules of Civil Procedure does not require actual service. Rather, it specifically provides that service may be made on a party residing outside the United States, like Defendants, through any "internationally agreed means of service that is **reasonably calculated** to give notice." Service via Federal Express is a valid form of service that has been sanctioned pursuant to Article 10(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, which is how Reflex Media effectuated service on Defendants. Moreover, the credibility of Defendants' claim that they did not receive *actual* notice of the Complaint is undermined by the fact they had no problem receiving actual notice of documents served on them at the same address and via the same method of service (*i.e.* FedEx) *after* judgment was entered against them.

Third and finally, the Court should deny Defendants' Motion for Indicative Ruling because it again fails to comply this Court's Standing Order, as well as Local Rule 6-1. Specifically, Defendants' motion fails to comply with Section 5(b) of the Court's Standing Order, which requires counsel for the parties to submit a joint statement within three days of the conference required by Local Rule 7-3. It also was **not** filed in compliance with Local Rule 6-1, which requires a minimum of twenty-eight (28) days between the date a motion is filed and the scheduled hearing date. In this case, Defendants' motion was filed less than 28 days before the September 11, 2017, hearing date, which has the effect of depriving Reflex Media of the minimum time normally allowed to prepare and file its opposition. In light of Defendants' continuing failure to comply with the Court's Standing Order and Local Rules, Reflex Media respectfully requests that the Court deny Defendant's Motion for Indicative Ruling.

## II. PROCEDURAL AND FACTUAL BACKGROUND

1. This case was filed on April 27, 2016. (Dkt. 1.)

2. Defendants were served with the Complaint via FedEx on August 5, 2016. Copies of the delivery receipts from FedEx are attached hereto as <u>Exhibit 1</u>.

3. Defendants failed to respond to the Complaint, so on September 7, 2016, Reflex Media sent correspondence to Defendants inquiring about whether they intended to respond to the Complaint. Copies of the delivery receipts from FedEx, along with a copy of the September 7th correspondence, are attached hereto as <u>Exhibit 2</u>.

4. Reflex Media did not receive a response to its September 7th correspondence. (Decl. of M. Smith, ¶ 5.)

5. On January 23, 2017, Reflex Media requested that default be entered against Defendants. (Dkt. 29.)

6. Reflex Media's request was referred by the clerk to the Court, who ordered that default be entered against Defendants on February 14, 2017. (Dkt. 32.)

7. Reflex Media subsequently applied for a default judgment on February 21, 2017. (Dkt. 35.)

8. The Court granted Reflex Media's application for default judgment on March 7, 2017 (Dkt. 36), and judgment was entered against Defendants on March 14, 2017 (the "Judgment"). (Dkt. 39.)

9. On April 4, 2017, Defendants appeared *for the first time* and filed a Motion to Vacate Judgment. (Dkt. 41.)

10. On April 12, 2017, the Court struck Defendants' motion for failure to comply with the Court's Standing Order and Local Rules, which require the parties to meet and confer before filing motions with the Court and to submit a declaration describing the parties' conference. (Dkt. 42.)

11. In addition, the Court ordered that if Defendants wished to refile their motion, they would need to meet several conditions and comply with a timeline set forth in the

Court's minute order. (Dkt. 42.) No subsequent motion was ever filed. (*See generally* docket.)

12. On April 24, 2017, the Court dismissed and closed this case. (Dkt. 46.)

13. Defendants filed an appeal from the Judgment that is now pending before the Ninth Circuit Court of Appeals. In connection with their appeal, Defendants now seek an "indicative ruling" from this Court on whether it would grant, deny or defer its ruling on a renewed motion to set aside the Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

14. For the reasons set forth below, Plaintiff Reflex Media respectfully requests that the Court deny Defendants' Motion for Indicative Ruling or, alternatively, indicate that it would deny Defendants' anticipated Rule 60(b) motion for the reasons set forth in this opposition, thereby allowing this matter to advance on appeal before the Ninth Circuit Court of Appeals.

## III. ARGUMENT

### A. Defendants' Motion Should Be Denied Because No "Timely Motion" Is Before the Court.

Under federal law, a district court is generally divested of jurisdiction when an appeal is filed. *See e.g.* Fed. R. Civ. P. 62.1(a). Accordingly, a district court cannot grant a party relief from a judgment pending appeal under Rule 60 of the Federal Rules of Civil Procedure ("Rule 60") unless and until the appellate court remands the case. *See id.* (Advisory Committee Notes). Nevertheless, Rule 62.1 of the Federal Rules of Civil Procedure ("Rule 62.1") provides that a court may "entertain" a Rule 60 motion after an appeal is filed and either (1) defer consideration of the Rule 60 motion, (2) deny the motion, or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Rule 62.1(a)(1)–(3). If the district court states that it would grant the motion or that the motion raises a substantial issue, Rule 12.1 of the Federal Rules of Appellate Procedure ("Rule 12.1") allows the appellate court

to "remand [the case] for further proceedings but retain[] jurisdiction unless it expressly dismisses the appeal." Rule 12.1(b).

Importantly, both Rule 62.1 and Rule 12.1 contain an express, threshold requirement—filing a timely motion originally—that the moving party must meet *before* it will qualify for an indicative ruling. Specifically, that threshold burden requires that the moving party demonstrate that "a timely motion [was] made in the district court for relief that [the district court now] lacks authority to grant because an appeal [] has been docketed and is pending." Rule 12.1(a); *see also* Rule 62.1(a) (explaining that there must be a "timely motion" made to the district court).

In this case, Defendants' Motion for Indicative Relief should be denied because no "timely motion" is currently before the Court.

On April 4, 2017, Defendants filed a Motion to Vacate Judgment. (Dkt. 41.) The Court struck Defendants' Motion to Vacate Judgment "for failure to comply with Local Rule 7-3 . . . and paragraph 5(b) of the Court's Standing Order which requires the Joint Statement to be filed three days after the Local Rule 7-3 Conference." (Dkt. 42.) In its order, the Court further ordered:

> If Defendants wish to re-file the Motion, counsel shall meet and confer in person by April 19, 2017. If the parties cannot resolve the issues raised in the Motion, within 3 days of the meet and confer, each party shall file a declaration setting forth the issues resolved at the conference and those issues that were not resolved with a detailed explanation of why those issues could not be resolved. If a Motion remains necessary, it shall not be filed until 2 days after each party files the declaration required by this Order.

Defendants failed to adhere both to the timeline and the filing instructions set forth in the Courts order, which they were required to follow if they intended to re-file their Motion to Vacate Judgment. Indeed, it is now August and more than four months *after* the deadline set by this Court for the parties to submit a detailed explanation of their in-person meet and confer and a list of the reasons why the issues raised in that meeting could not be resolved. Moreover, Defendants have failed to explain why they did not comply with the Court's order.

Having failed to adhere to the Court's re-filing schedule and conditions, Reflex Media submits that any newly submitted Rule 60 motion to vacate the Judgment would not now be filed within a "reasonable time" as required by Rule 60(c)(1).[1] Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . .") Because Defendants have failed to bring their Rule 60 motion within a reasonable time—and within the time ordered by this Court—they cannot meet the "timely motion" threshold requirement imposed by Rule 62.1 and Rule 12.1. In short, Defendants unexcused delay in refiling their Rule 60(b) motion now precludes Defendants from obtaining the relief they seek.

### B. Defendants' Motion Should Be Denied Because the Judgment Entered Against Them is Not Void.

As indicated above, Defendants seek an indicative ruling from the Court stating that it will either grant their anticipated Rule 60 motion or that their proposed motion raises "a substantial issue." Reflex Media, however, respectfully submits that there is no reason to invite the Ninth Circuit Court of Appeals to delay the now pending appeal because there is no basis for Defendants' anticipated Rule 60 motion.

In their Motion for Indicative Ruling, Defendants argue that they would like to submit a motion pursuant to Rule 60(b)(4) to overturn the Judgment entered by this Court on March 14, 2017.[2] Defendants argue that service of the Complaint was "improper" and that the Judgment "is void and must be vacated under Rule 60(b)(4)." (Mot., Dkt. 50 at

---

[1] In their Motion for Indicative Ruling, Defendants indicate that they specifically intend to file a motion to vacate the Judgment to Rule 60(b), subsection (4). (Dkt. 50, 5:1–2.) Defendants suggest that their motion is also based on the arguments set forth in their Motion to Vacate Judgment (*id*. at 5:22), but any such incorporation by reference is improper because the Motion to Vacate Judgment was stricken, and therefore, it is as though it did not exist, and courts in this district have consistently held that it is improper to incorporate legal arguments by reference. *Williams v. City of Alameda*, 26 F. Supp. 3d 925, 947 (N.D. Cal. 2014) ("It is wholly improper for Plaintiff to incorporate by reference legal argument made in a brief filed in connection with a motion that is not before the Court. The Court refuses to allow Plaintiff to engage in such conduct . . . .").

[2] *See* Footnote 1.

5:1–2.) Defendants specifically claim that service was improper because it was not made "in a manner that would give them reasonable notice of this action" and "[n]o return receipt was requested and none was provided to Plaintiff or to the Court."[3] (*Id*. at 6:17–27.) These assertions are unavailing.

### (1) Service Was Properly Made on Defendants Pursuant to the Hague Convention.

As Plaintiffs previously explained in their Request for Entry of Default (Dkt. 29), service on Defendants was made pursuant to Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"). Rule 4 provides that an individual "may be served at a place not within any judicial district of the United States by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . ." Fed. R. Civ. P. 4(f)(1). And, a corporation may be served "at any place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual . . . ." *Id*. at 4(h)(2). Use of the [Hague Service] Convention procedure, when available, is mandatory if documents must be transmitted abroad to effect service." Fed. R. Civ. P. 4 advisory committee's note to 1993 Amendments.

Each of the Defendants is located in Cyprus, and both the United States and Cyprus are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"). *See* Fraserside IP L.L.C. v. Youngek Solutions Ltd., 796 F. Supp. 2d 946, 954 (N.D. Iowa 2011).

Article 10(a) of the Hague Convention allows for service by postal channels if the member state has not opted out of this provision within the treaty. *See* Hague Convention, Exhibit 3, at Art. 10(a). Here, the member state of Cyprus has not opted out of, or objected

---

[3] A "return receipt" is a delivery option available to patrons sending mail via the United States Postal Service that requires the recipient to sign for the delivery. In this case, service was done by FedEx, not the United States Postal Service. Nevertheless, the delivery method used by FedEx required the recipient to provide their name.

to, Article 10. *See Fraserside IP L.L.C.*, 796 F. Supp. 2d at 954; *see also Cyprus*, https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/cyprus.html (last visited August 18, 2017) (website maintained by the United States Department of State).

Federal Express ("FedEx") or similar commercial channels have been recognized as postal channels that comply with the terms of the Article 10(a) of the Hague Convention. *See* TracFone Wireless, Inc. v. Sunstrike Intern., Ltd., 273 F.R.D. 697, 699 (S.D. Fla. 2011) "The Court thus finds that serving Hong Kong Defendants with a copy of the Summons and Amended Complaint sent via international express mail and via FedEx . . . is permissible pursuant to Rule 4(f)(2)(C)(ii).); R. Griggs Grp. Ltd. v. Filanto Spa, 920 F. Supp. 110, 1106–08 (D. Nev. 1996) (finding that service via FedEx was proper on the Italian Defendants because it complied with the Hague Convention); Wong v. Partygaming Ltd., No. 1:06-CV-2376, 2008 WL 1995369, at *3 (N.D. Ohio May 6, 2008) ("[P]laintiffs sent a copy of the complaint to each defendant via DHL, a proper method of service under the Hague Service Convention, and provided the court with proof of service."); TraceFone Wireless, Inc. v. Unlimited PCS Inc., 279 F.R.D. 626, 631 (S.D. Fla. 2012) ("The Court observes that numerous courts have recognized that FedEx (or other commercial mail couriers) are permissible 'postal channels' through which to complete service consistent with Article 10(a) of the Hague Service Convention.").

Here, Defendants were served when Reflex Media sent the Complaint via FedEx, in compliance with Fed. R. Civ. P. 4 and the Hague Convention on July 21, 2016. As the proofs of service indicate, the Complaint was delivered to the address listed on Defendants' website, www.HoneyDaddy.com. A screenshot of Defendants' website from September 2016 is attached hereto as Exhibit 4, and another screenshot taken on August 16, 2017, is attached hereto as Exhibit 5. Both screenshots clearly identify Defendant Apiriliaco as the website operator and its address as 11 Souliou Vamiko 5, Flat 14, Strovolos, 2018, Nicosia, Cyprus. As the proofs of service show, **this is the same address where the Complaint**

**was served**.[4] (*Compare* Exhibit 1 with Exhibits 4–5.)

Similarly, Defendant E.C.A. Kartoir Secretrial Ltd.—who serves as Defendant Apiriliaco's corporate secretary (Dkt. 41-1, ¶1)—uses the exact same address as its "registered address." (Exhibit 6.) This again, was the very address where the Complaint was served. (*Compare* Exhibit 1 with Exhibit 6.)

In addition, as of this writing, Defendant Anatoli "East" Feneridou continues to hold herself out as the primary company contact for Defendants' website, www.HoneyDaddy.com, and lists her address as 11 Souliou, Vamiko 5, Flat 14, Strovolos 2018 Cyprus—the same address where Reflex Media served her with a copy of the Complaint via FedEx. (*Compare* Exhibit 1 with Exhibit 7.)

Simply put, each Defendant—*even as of the date of this writing*—holds itself/herself out as doing business at 11 Souliou, Vamiko 5, Flat 14, Strovolos, 2018 Cyprus, which is the very address where Reflex Media served them with the Complaint via FedEx. And, as explained above, service by FedEx at a person or an entity's place of business is an "internationally agreed means of service that is reasonably calculated to give notice" pursuant to Article 10(a) of the Hague Convention. Having failed to timely respond to the Complaint, as well as a follow-up letter from Reflex Media's counsel, it was appropriate for the Court to enter default against Defendants. For these reasons, the Judgment is not "void" or otherwise subject to contest under Rule 60(b). Thus, Reflex Media respectfully requests that the Court either deny Defendants' Motion for Indicative Ruling or, alternatively, enter an indicative ruling that it will deny Defendants' anticipated Rule 60(b) motion.

---

[4] After the Complaint was filed, Defendants' website, www.HoneyDaddy.com, listed an alternative address in Las Vegas, Nevada. A screenshot showing this address on Defendants' website is attached hereto as Exhibit 4. A copy of the September 7, 2016, correspondence—which contained a copy of the Complaint—was also delivered to this address in Nevada. Attached hereto as Exhibit 9 is a copy of the FedEx delivery confirmation.

### (2) The Evidence in This Case Demonstrates that Defendants Received Actual Notice of this Case.

As explained above, Reflex Media served the Complaint on Defendants twice via FedEx (*see* Exhibits 1 and 2), which is an "internationally agreed means of service that is reasonably calculated to give notice." That is all the Federal Rules of Civil Procedure require. But, in addition, the evidence now before this Court also proves that this was in fact a means of service that provided *actual* notice to Defendants. In the Declaration of Vasilis Zertalis (Dkt. 41-1), Defendants explain that they did in fact receive copies of documents that were served on them, namely, the Application for Entry of Default Judgment Against Defaulted Defendants Apiriliaco Limited d/b/a HoneyDaddy.com; East Feneridou; and E.C.A. Kartoir Secretarial ltd. (Dkt. 35) and the Notice of Lodging (Dkt. 38). Notably, these documents were served on Defendants in the exact same manner as the Complaint—via FedEx at the address listed above. Copies of the FedEx delivery confirmations are attached hereto as Exhibit 8.

In other words, the evidence before the Court not only demonstrates that Defendants were served with the Complaint via an internationally agreed means that was reasonably calculated to give notice, but it also shows that this method was effective in providing *actual* notice of this action to Defendants.

### C. The Court Should Deny Defendants' Motion Because It Fails to Comply with this Court's Standing Order and Local Rule 6-1.

Defendants' Motion for Indicative Ruling fails to comply with the "meet and confer" requirements set forth in the Court's Standing Order, as well as Local Rule 6-1, which requires a minimum of twenty-eight (28) days between the date a motion is filed and the date it is scheduled to be heard by the Court.

Section 5(b) of the Court's Standing Order (Dkt. 9) provides, among other things, that before any motion may be filed with the Court, the parties must first meet and confer as required by Local Rule 7-3. In addition, the Court requires counsel to file a joint statement within three (3) days of the parties' Rule 7-3 meeting indicating the "date, duration, and communication method of the conference and the participants in the

conference." (Dkt. 9, 8:1–4.) Additionally, the joint statement must also detail the issues discussed and resolved during the conference. (*Id*. at 8:4–6.) Parties are specifically admonished that failure to comply "will result in the striking and/or denial of the motion." (*Id*. 8:6–8.) Here, Defendants' motion was filed without the requisite joint statement. Additionally, it is worth noting that the previous motion Defendants filed with the Court was also stricken for failure to comply with the Court's standing order. (Dkt. 42.)

Defendants' Motion for Indicative Ruling also fails to comply with Local Rule 6-1, which provides that any motion filed with the Court shall be filed "not later than twenty-eight (28) days before the date set for hearing." In this case, Defendants' Motion for Indicative Ruling was filed on August 15, 2017, and scheduled for a hearing twenty-seven (27) days later, on September 11, 2017. The effect of Defendants' failure to comply with Local Rule 6-1 was to cut short the time Plaintiff Reflex Media had to prepare its opposition because the briefing schedule in this judicial district is calculated backwards from the date of the hearing (*i.e.*, the opposition must be filed 21 days before the hearing (*see* L.R. 7-9)). Having failed repeatedly to comply with the Court's Standing Order, as well as the Local Rules, Reflex Media respectfully requests that the Court deny Defendants' Motion for Indicative Ruling, or alternatively, indicate that it would deny Defendants' anticipated Rule 60(b) motion for the reasons set forth herein.

## IV. CONCLUSION

Plaintiff Reflex Media respectfully requests that the Court deny Defendants' motion or, alternatively, enter an indicative ruling that it will deny Defendants' proposed Rule 60(b) motion, and thereby allow this matter to be briefed and resolved through the already-pending appeal. A proposed statement of decision will be lodged with the Court.

SMITH CORRELL, LLP

DATED: August 21, 2017

    /s/ Mark L. Smith
Mark L. Smith
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **OPPOSITION TO DEFENDANTS' MOTION FOR INDICATIVE RULING** was served upon the persons below via the Court's electronic filing system on August 21, 2017.

SHIPMAN & GOODWIN LLP
Michael T. Conway
400 Park Avenue, Fifth Floor
New York, New York 10022
mconway@goodwin.com

Howard D. Price
9663 Santa Monica Blvd., Suite 1250
Beverly Hills, California 90210
hrprice@aol.com

*Attorneys for Defendants Apiriliaco Limited,*
*East Feneridou and E.C.A. Kartoir Secretarial Ltd.*

                                                     /s/ Melina Hernandez

...

# INDEX OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| Exhibit 1 | Proofs of Service and FedEx Delivery Confirmation Showing Service of the Complaint on Defendants |
| Exhibit 2 | September 7, 2016, correspondence from Reflex Media to Defendants Concerning Their Failure to Answer the Complaint; Delivery Confirmation Receipts from FedEx |
| Exhibit 3 | Text of Hague Convention |
| Exhibit 4 | Screenshot from Defendants' website, www.HoneyDaddy.com, captured in September 2016, showing listing addresses in Cyprus and Las Vegas, Nevada |
| Exhibit 5 | Screenshot from Defendants' website, www.HoneyDaddy.com, captured on August 18, 2017 |
| Exhibit 6 | Screenshot captured on August 16, 2017, showing Defendant E.C.A. Kartoir Secretrial Ltd.'s address |
| Exhibit 7 | Screenshot captured on August 16, 2017, showing Defendant Anatoli "East" Feneridou's address and relationship to Defendant Apiriliaco Limited and www.HoneyDaddy.com |
| Exhibit 8 | FedEx delivery confirmation showing delivery of the Application for Default Judgment and Notice of Lodging to Defendants in Cyprus, at the same address used to serve the Complaint |
| Exhibit 9 | FedEx delivery confirmation showing delivery of Reflex Media's September 7, 2016, correspondence to the Las Vegas, Nevada, address listed on Defendants' website |